## DURATION OF TEMPORARY APPOINTMENTS BY THE MAYOR.

Court of Appeals for Hamilton County.

EDWARD S. KEEFER ET AL V. STATE OF OHIO, ON RELATION OF JAMES J. FITZGERALD.[*]

Decided, September 26, 1914.

*Civil Service—Tenure of One Appointed to the Municipal Service to Meet an Emergency—Section 4488.*

Under the rules of the Civil Service Commission of Cincinnati the tenure of one appointed to the municipal service to prevent the

[*]Affirming *State, ex rel Fitzgerald,* v. *Keefer et al,* 16 N.P.(N.S.), 145.

stopping of public business or to meet an extraordinary emergency, continues until such time as the commission certifies suitable persons from an appropriate eligible list to fill the vacancy.

*Walter M. Schoenle,* City Solicitor, and *Charles A. Groom,* Assistant City Solicitor, for plaintiff in error.

*Moulinier, Bettman & Hunt,* contra.

JONES, O. B., J.; JONES, E. H., J., concurs; SWING, P. J., dissents.

By virtue of Section 4488 the mayor had the power and it was his duty to make temporary appointment such as that of the relator below, if it were necessary, to prevent the stoppage of public business or to meet extraordinary exigencies; he had no other right to make such an appointment, and under the general rule of law his official acts must be presumed to be legal. Under Section 74 of the rules of the civil service commission of Cincinnati such temporary appointment continued until such time as the commission could certify persons from an appropriate eligible list to fill the vacancy. It is conceded by both sides that no such list has been certified. The name of the relator was therefore properly upon the payroll, and it was the duty of the civil service commission to give the certificate required by statute to enable the payment of his weekly wages.

The questions raised in the case have been fully discussed in the opinion of the court below, and we agree with the conclusions therein stated and do not deem it necessary to enter upon further discussion of same.

We find no error in the judgment of the court below, and the judgment is therefore affirmed.